**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4421**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES ANTHONY BROWN,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Senior District Judge. (3:16-cr-00687-JFA-1)

Submitted: February 26, 2019                 Decided: February 28, 2019

Before KING, THACKER, and QUATTLEBAUM, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Aimee J. Zmroczek, A.J.Z. LAW FIRM, LLC, Columbia, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, William C. Lewis, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Anthony Brown pled guilty, pursuant to a written plea agreement, to possession with intent to distribute 50 grams or more of methamphetamine, 21 U.S.C. § 841 (2012), and was sentenced to 135 months' imprisonment, the bottom of the applicable advisory Sentencing Guidelines range. He appeals, claiming that the Government breached the plea agreement by failing to request a sentence below the advisory Guidelines range. The Government seeks to dismiss Brown's appeal on the basis of the appellate waiver in the plea agreement.

An appeal waiver cannot preclude consideration of a claim that the Government breached the plea agreement. *United States v. Dawson*, 587 F.3d 640, 644 n.4 (4th Cir. 2009). However, our review of the record discloses no breach of the agreement because there is no provision requiring the Government to seek a particular sentence. Moreover, Brown stated under oath that no promises had been made to him outside of the written plea agreement. Therefore, we affirm in part as to this claim.

Turning to the Government's request to dismiss the appeal, where the Government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we will enforce the waiver if the record establishes that: (1) the defendant knowingly and intelligently waived his right to appeal, and (2) the issues raised on appeal fall within the scope of the waiver. *United States v. Blick*, 408 F.3d 162, 168-69 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea

2

agreement." *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Generally, if the district court specifically questions the defendant regarding the waiver during the colloquy or the record otherwise indicates that the defendant understood the full significance of the waiver, the waiver is valid. *United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017).

We have reviewed the record and find that Brown knowingly and intelligently waived his right to appeal. Therefore, we dismiss the appeal in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3